# EXHIBIT

# A

**07 C 6460**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE BROWN**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | Attorney Code No.: 53976 |
| | ) ss | |
| COUNTY OF C O O K | ) | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DEATRICE TUCKER,               ) | |
|      Plaintiff,             ) | |
| vs.                             ) | |
|                                    ) | |
| MOUNT SINAI HOSPITAL MEDICAL   ) | |
| CENTER, an Illinois not-for-profit ) | |
| corporation, SINAI HEALTH SYSTEM, ) | Case No.: |
| an Illinois not-for-profit corporation, and ) | |
| ACCESS COMMUNITY HEALTH       ) | |
| NETWORK, an Illinois not-for-profit ) | |
| corporation, and HYUNG-SHIK KANG, M.D. ) | |
|      Defendants.          ) | |

## COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, **DEATRICE TUCKER**, by and through her attorney, **LAW OFFICES OF BARD S. MICHL**, in addition to and/or alternatively to any and all other counts to this Complaint, and complaining of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER**, an Illinois not-for-profit, corporation, **SINAI HEALTH SYSTEM**, an Illinois not-for-profit corporation, **ACCESS COMMUNITY HEALTH NETWORK**, an Illinois not-for-profit corporation, and **HYUNG-SHIK KANG, M.D.**, states as follows:

1. That at times mentioned herein, the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER**, owned, operated, maintained and controlled a Hospital in the City of Chicago, County of Cook, and State of Illinois, and held itself out

EXHIBIT A

1

as available to provide care and services to persons in the need of surgical procedures, including total abdominal hysterectomies and salpingectomies.

2.  That at all times mentioned herein, the Defendant, **ACCESS COMMUNITY HEALTH NETWORK,** an Illinois not-for-profit corporation, owned, operated, maintained and controlled a multi-specialty medical clinic in the City of Chicago, County of Cook, and State of Illinois, which retained licensed medical physicians to provided care and services to persons in need of surgical procedures, including total abdominal hysterectomies and salpingectomies.

3.  That at all times mentioned herein, Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER** and **ACCESS COMMUNITY HEALTH NETWORK,** were corporate members of the **SINAI HEALTH SYSTEM,** an Illinois not-for-profit parent corporation, owned, operated, maintained and controlled certain medical institutions that in turn would provide medical services in the City of Chicago, County of Cook, and State of Illinois, or its affiliates and members did hold themselves out as available to provide care and services to persons in need of surgical procedures, including total abdominal hysterectomies and salpingectomies.

4.  Plaintiff, **DEATRICE TUCKER,** was admitted to the Defendant hospital, namely, **MOUNT SINAI HOSPITAL MEDICAL CENTER,** for a full hysterectomy on or about August 9, 2005. That at all times mentioned herein, Defendant **HYUNG-SHIK KANG, M.D.,** held himself out as having skill and capability to provide care and treatment to the Plaintiff, **DEATRICE TUCKER,** including the surgical procedure of total abdominal hysterectomies and salpingectomies.

2

5. That at all times mentioned herein, Plaintiff, **DEATRICE TUCKER,** was under the care, custody, control and treatment of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM,** and the **ACCESS COMMUNITY HEALTH NETWORK,** jointly or individually, or by their servants, agents, employees, and representatives.

6. That in addition to or alternatively to the allegations as contained within paragraphs #1 through #5, the Defendant, **HYUNG-SHIK KANG, M.D.,** acted individually or was an employee of or had apparent authority or consent of authority to act on behalf of Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM,** and the **ACCESS COMMUNITY HEALTH NETWORK,** so as to lead the public, including the Plaintiff, to reasonably believe that all persons providing services, care and treatment were under the agency, supervision and control of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM,** and the **ACCESS COMMUNITY HEALTH NETWORK.**

7. The Plaintiff, **DEATRICE TUCKER,** did rely upon such apparent or sense of authority as said forth and did have a right to rely upon said apparent authority or sense of authority and agency under the circumstances, such reliance being reasonable under the circumstances.

8. That it was the duty of the Defendant, **HYUNG-SHIK KANG, M.D.,** to possess, apply and exercise that degree of skill and care ordinarily used by reasonably qualified physicians providing care and treatment and to use that degree of skill and care which physicians would or should have used. Further, it was the duty of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM,** and

the ACCESS COMMUNITY HEALTH NETWORK, to exercise ordinary care to the Plaintiff, DEATRICE TUCKER, yet notwithstanding the aforementioned duties by the Defendants, Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM, ACCESS COMMUNITY HEALTH NETWORK,** and **HYUNG-SHIK KANG, M.D.,** jointly or individually by their servants, agents, representatives, or employees, were careless or negligent in one of the following respects:

a. Negligently, carelessly and improperly performed a total abdominal hysterectomy and salpingectomy procedure, and in so doing caused damage to Plaintiff's right ureter, right bladder, and vagina;
b. Negligently, carelessly and improperly severed and/or caused a laceration to Plaintiff's right ureter, right bladder, and vagina;
c. Negligently, carelessly and improperly failed to repair damage to Plaintiff's right ureter, right bladder, and vagina;
d. Negligently, carelessly and improperly failed to use proper surgical techniques during the surgical procedure; and
e. Negligently, careless and improperly permitted a surgical procedure to occur to the Plaintiff by a physician who was inadequately trained for such surgery.

9. That as a direct and proximate result of one or more of the following aforementioned negligent acts or omissions, the Plaintiff, **DEATRICE TUCKER,** did sustain severe and serious injuries to diverse portions of her body, said injuries being permanent; that said Plaintiff, **DEATRICE TUCKER,** sustained great pain and suffering; that said Plaintiff, **DEATRICE TUCKER,** did incur medical expenses and will in the future incur medical expenses; that said Plaintiff, **DEATRICE TUCKER,** lost time and wages from work and will in the future lose time and wages from work; that said Plaintiff, **DEATRICE TUCKER,** did sustain other pecuniary loss and other losses and damages and will in the future other pecuniary loss and damages.

4

WHEREFORE, the Plaintiff, **DEATRICE TUCKER**, respectfully prays for an Order granting the following relief:

A.  A Judgment entered as against the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM, ACCESS COMMUNITY HEALTH NETWORK,** and **HYUNG-SHIK KANG, M.D.**, jointly or individually and each of them in an amount exceeding THIRTY THOUSAND ($30,000.00) DOLLARS, together with Court Costs.

B.  Any and all other appropriate relief this Honorable Court deems just and proper.

## COUNT II

NOW COMES the Plaintiff, **DEATRICE TUCKER**, by and through her attorney, **LAW OFFICES OF BARD S. MICHL**, in addition to and/or alternatively to any and all other counts to this Complaint, and complaining of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER**, an Illinois not-for-profit, corporation, **SINAI HEALTH SYSTEM**, an Illinois not-for-profit corporation, **ACCESS COMMUNITY HEALTH NETWORK**, an Illinois not-for-profit corporation, and **HYUNG-SHIK KANG, M.D.**, states as follows:

1-7.  Plaintiff, **DEATRICE TUCKER**, realleges the allegations as contained within paragraphs #1 through #7 of Count I of Plaintiff's Complaint at Law as paragraphs #1 through #7 of Count II, as if more fully set forth herein.

8.  That during the surgical procedure performed by Defendant, **HYUNG-SHIK KANG, M.D.**, the Plaintiff, **DEATRICE TUCKER**, sustained injury to her right ureter, right bladder, and vagina.

5

9. That during the full hysterectomy procedure, the Plaintiff, **DEATRICE TUCKER,** was under the control and management of the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM, ACCESS COMMUNITY HEALTH NETWORK,** and **HYUNG-SHIK KANG, M.D.,** jointly or individually and their agents, servants, employees and representatives.

10. In the normal course of events, the injuries sustained to the Plaintiff, **DEATRICE TUCKER,** would not have occurred if the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM, ACCESS COMMUNITY HEALTH NETWORK,** and **HYUNG-SHIK KANG, M.D.,** their agents, servants, employees and representatives had used reasonable standard of professional care during the surgical procedure under their direct control or management, jointly or individually.

11. That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions, the Plaintiff, **DEATRICE TUCKER,** did sustain severe and serious injury to diverse portions of her body, said injuries being permanent; that the Plaintiff, **DEATRICE TUCKER,** sustained great pain and suffering and will in the future incur great pain and suffering; that said Plaintiff, **DEATRICE TUCKER,** did incur medical expenses and will in the future incur medical expenses and will in the future incur medical expenses; that the Plaintiff, **DEATRICE TUCKER,** lost time and wages from work and will in the future loose time and wages from work; that the Plaintiff, **DEATRICE TUCKER,** sustained other pecuniary loss and other losses and damages and will in the future incur other pecuniary damages.

WHEREFORE, the Plaintiff, **DEATRICE TUCKER**, respectfully prays for an Order granting the following relief:

A.  A Judgment entered as against the Defendants, **MOUNT SINAI HOSPITAL MEDICAL CENTER, SINAI HEALTH SYSTEM, ACCESS COMMUNITY HEALTH NETWORK,** and **HYUNG-SHIK KANG, M.D.,** jointly or individually and each of them in an amount exceeding THIRTY THOUSAND ($30,000.00) DOLLARS, together with Court Costs.

B.  Any and all other appropriate relief this Honorable Court deems just and proper.

Respectfully submitted,

By: _____
**BARD S. MICHL,**
Attorney for the Plaintiff,
**DEATRICE TUCKER**

THE LAW OFFICES OF BARD S. MICHL
Attorney for Plaintiff,
**DEATRICE TUCKER**
3013 S. Wolf Road, Suite #191
Westchester, IL 60154-5266
(708) 947-9181   (Tel)
(708) 947-9182   (Fax)
Attorney Code No.: 53976

7

# EXHIBIT

# B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Deatrice Tucker, et al., v. Mount Sinai Hospital Medical Center, etc., et al.*, No. 2007 L 009129 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Hyung-Shik Kang, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Access Community Health Network and Hyung-Shik Kang, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: October 25, 2007

EXHIBIT B