UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEATRICE TUCKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07 C 6460 |
| | ) | |
| THE MOUNT SINAI HOSPITAL MEDICAL | ) | Judge Gettleman |
| CENTER, an Illinois not-for-profit | ) | |
| corporation, SINAI HEALTH SYSTEM, | ) | |
| an Illinois not-for-profit corporation, and | ) | Formerly case no. 007 L 9129, |
| THE UNITED STATES, | ) | Circuit Court of Cook County, Illinois |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney

for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6), and in support, states as follows:

1.    On August 29, 2007, plaintiff Deatrice Tucker commenced the above civil action

against Mount Sinai Hospital Medical Center of Chicago, a corporation; Sinai Health System, a

corporation; Access Community Health Network, a corporation; and Hyung-Shik Kang, M.D.,

alleging medical malpractice.  For purposes of this lawsuit, Hyung-Shik Kang, M.D., was a physician

for Access Community Health Network (formerly known as Sinai Family Health Centers), a private

entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2.    On November 14, 2007, the case was removed to the United States District Court for

the Northern District of Illinois, and the United States was substituted as the federal defendant in

place of Hyung-Shik Kang, M.D., and Access Community Health Network, pursuant to the Federal

Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.

3.      The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against

the United States or any employee "while acting within the scope of his office or employment."  28

U.S.C.  §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

4.      No FTCA action can be initiated against the United States until the plaintiff has

presented a claim to the appropriate federal agency and that agency has denied the claim or has failed

to issue a final decision within six months of the date that the claim was presented.  28 U.S.C.

§ 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528

(7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an

administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings*

*Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972).  This administrative claim requirement

is a prerequisite that cannot be waived.  *Best Bearings*, 463 F.2d at 1179.

5.      The complaint in this case does not allege that plaintiff ever presented the

administrative claim required by the FTCA, and a search of the Department of Health and Human

Services' computerized database of administrative tort claims reveals that plaintiff has not filed an

administrative tort claim with the Department.   Exhibit A (Declaration of Meredith Torres); *see*

*Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a

motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to

determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust

administrative remedies.[1]  Once dismissed, the remainder of the case should be remanded to state

court.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Patrick W. Johnson
PATRICK W. JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov

---

[1]  Whether the dismissal is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' MOTION TO DISMISS FOR**
**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on December 10, 2007, to the following non-ECF filers:

Law Offices of Bard S. Michl
3013 S. Wolf Road,
Suite # 191
Westchester, Illinois 60154-5266

/s Patrick W. Johnson
PATRICK W. JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327